IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ROBERT J. B.[1]**,

      Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY**,

      Defendant.

Civ. No. 1:19-cv-00017-AA

**OPINION & ORDER**

AIKEN, District Judge:

This case comes before the Court on Plaintiff's Motion for Attorney Fees. ECF No. 22. The Commissioner has filed a Response opposing the award of fees on the grounds that the motion is untimely. For the reasons set forth below, the motion is GRANTED.

## LEGAL STANDARD

Upon entering judgment in favor of a Social Security claimant who was represented by an attorney, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). Section 406(b) expressly requires any attorney's fee awarded

---

[1] In the interest of privacy, this opinion uses only first name and the initial of the last name of the non-governmental party or parties in this case.

under that section to be payable "out of, and not in addition to, the amount of such past due benefits." *Id.*

In *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the Supreme Court clarified that § 406 "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Id.* at 807. Courts must approve § 406(b) fee determinations by, first, determining whether a fee agreement has been executed and then testing it for reasonableness. *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (*en banc*) (citing *Gisbrecht*, 535 U.S. at 808). "Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 807. Even within the 25 percent boundary, however, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

## DISCUSSION

On remand, Plaintiff was awarded past-due benefits in the amount of $57,510. Plaintiff seeks an award of attorney fees in the amount of $14,377.50 to be reduced by the previously awarded EAJA fees in the amount of $7,651.43.

### I. Timeliness

The Commissioner opposes an award of fees in this case on the grounds that the motion is untimely. The Commissioner does not otherwise oppose the motion. The Notice of Award in this case is dated July 7, 2021. Local Rule 4000-8 provides that:

> Plaintiff shall submit any application for attorneys' fees under 42 U.S.C. § 406(b) within 60 days after the federal court attorney has received all

>of the Notices of Award which are necessary to calculate the total amount of retroactive benefits payable. An application submitted beyond the 60-day period shall be deemed timely only upon a showing of good cause for the delay. Any application for attorneys' fees under 42 U.S.C. § 406(b) shall be submitted together with a copy of the Notice(s) of Award.

LR 4000-8.

Here, Plaintiff's counsel affirms that he timely prepared the motion for fees but that, through mistake and inadvertence, he failed to complete submission of the motion. Plaintiff did not discover his error until some months later, at which point he filed the present motion. The Court concludes that, upon review of Plaintiff's counsel's declaration, good cause exists to accept the untimely filing. The Court will therefore proceed to examination of the fee request.

### II.   Contingency Fee Arrangement

Under *Gisbrecht*, the Court's first duty when considering whether to approve a contingency fee agreement is to determine whether it is within the statutory 25% cap. *Gisbrecht*, 535 U.S. at 807-08. The fee agreement between Plaintiff and Plaintiff's counsel contemplated a contingency fee award of up to 25% of past-due benefits. Pl. Mot. Ex. 2. The fee sought by Plaintiff's counsel is less than 25% of the past-due benefits.

### III.   Reasonableness

Next, the Court must determine whether application of the fee agreement yields reasonable results under the circumstances. *Gisbrecht*, 535 U.S. at 807-08. In making this determination, the Court must recognize the "primacy of lawful attorney-client fee agreements." *Id.* at 793. However, although a contingency agreement

should be given significant weight in fixing a fee, the Court can depart from it if it produces unreasonable results. *Id.* at 808. The burden rests with Plaintiff's counsel to establish the requested fee's reasonableness. *Id.* at 807.

The Ninth Circuit has established four factors to guide the Court's inquiry into the reasonableness of a requested fee: (1) the character of the representation; (2) the results achieved; (3) any delay attributable to the attorney in seeking the fee; and (4) whether the benefits obtained were "not in proportion to the time spent on the case" and raise the possibility that the attorney would receive an unwarranted windfall. *Crawford*, 586 F.3d at 1151-53.

In this case, all four factors weigh in favor of granting Plaintiff's motion. Counsel ably represented Plaintiff and achieved a favorable result—remand and an eventual award of benefits—in a reasonably expeditious manner. The Court concludes that the requested sum would not constitute a windfall. The Court will approve fees in the full requested amount.

## CONCLUSION

For the reasons set forth above, the Plaintiff's motion for an award of attorney fees, ECF No. 22, is GRANTED. Plaintiff's counsel is awarded fees under 42 U.S.C. § 406(b) in the amount of $14,377.50. The Court previously awarded Plaintiff $7,651.43 in EAJA fees. When issuing the check for payment to Plaintiff's attorney, the Commissioner is directed to subtract this amount from the total award and send the balance of $6,726.07, less any applicable processing or user fees prescribed by statute, to Plaintiff's attorney. Payment of this award should be made via check

payable and mailed to Plaintiff's attorney John E. Haapala, Jr. at 401 E. 10th Ave., Eugene, OR 97401.  Any amount withheld after all administrative and court attorney fees are paid should be released to Plaintiff.

It is so ORDERED and DATED this ___5th____ day of August 2025.

                                   _/s/Ann Aiken_____
                                   ANN AIKEN
                                   United States District Judge